United States Courts
Southern District of Texas
FILED
NOV 19 2019
David J. Bradley, Clerk of Court

In The United States District Court For The Southern District Of Texas, Houston, Division

| | |
|---|---|
| John Anthony Buchanan | Case No. _____ |
| SPN# 02981929 | Judge: _____ |
| Housing Unit 2D4-701 | Magistrate: _____ |
| Harris County Jail-JA07 | |
| 701 N. San Jacinto | |
| Houston, Texas 77002 | Complaint |
| Plaintiff, | |
| vs | |
| Harris County Sheriff's Office | |
| Legal Department | |
| 1200 Baker Street | |
| Houston, Texas 77002 | |
| Defendant, | |

## Introduction

This is a Complaint by a Pro Se Pretrial detainee against the above named Defendant Pursuant to Title 42 U.S.C. § 198 ("Civil Rights Act"), Title 42 U.S.C. § 1985(3), and Title 42 U.S.

§ 12132 ("Title II, American's with Disabilities Act"), for acts done by and through the actions of its employees and or agents in accordance with a systematic custom, policy, and practice to: (1) retaliate against the plaintiff, and others like him, for filing grievances and petitions, (2) Conspire to deprive the Plaintiff, whom is a part of a Suspect Class, that Class being an inmate whom Consistently asserts his right to file grievances, of the equal protection of the law, and (3) failing to provide him a reasonable accommodation in his housing assignment to accommodate his disability as a right-leg-transtibial Amputee after receiving a request, in violation of the First and Fourteenth Amendment to the United States Constitution, and Title II of the American's with Disability Act, for Compensatory Damages and injunctive relief.

## I Parties

1. The Plaintiff is a Trans-tibial, Disabled Pretrial Detainee held in the Custody and Control of the above named Defendant in accordance with the United States Constitution, the Texas Constitution, the Texas Government Code, and the Texas Commission on Jail Standards, pursuant to an invalid Grand Jury Indictment Charging the Crime of Aggravated Assault.

2. The Defendant is a governmental entity responsible for the pretrial detention and maintenance of Pretrial Detainees within the Harris County Jail in accordance with the United States

Constitution, the Texas Constitution, the Texas Government Code, and the Texas Commission on Jail Standards. The Defendant is being sued in its individual and official capacity.

3. The Defendant has and Continues, by and through the actions of its employees and or agents in accordance with a systematic custom, policy, and practice to violate the plaintiff's rights and deny him a reasonable accommodation in his housing assignment.

## II. Jurisdiction and Venue

4. The Court has jurisdiction to grant the relief requested pursuant to Title 28 U.S.C. § 1331. That relief being compensatory damages and injunctive relief.

5. Venue is proper in the Southern District of Texas, Houston, Division, because the acts and omissions of the Defendant took place within the territorial jurisdiction of Harris County.

## III. Statement of Facts

### A. Plaintiff Engages in Protected Conduct

6. On Nov. 8, 2019, at or about 5:05 am, in Housing Unit 2H1, the handicap housing unit of the Harris County Jail, the plaintiff was awaken by Detention Officer Mendoza and asked whether he would like to write a statement

7. Upon inquiring as to why he had received a conduct report, Detention officer Mendoza stated to the plaintiff "She [Detention officer Wong] said you would know why."

8. After hearing this, the plaintiff went to the Detention officer's window in the housing unit to obtain his Confirmation of Service form, which provides him notice of the rule violation.

9. When the Plaintiff requested this information, Detention officer Wong stated "What is that?"

10. At that point the plaintiff became upset because he felt Detention officer Wong was violating his right to disciplinary due process.

11. Detention officer Wong continued to do this, even after the plaintiff showed her a copy of the form he was requesting. After this, Detention officer Mendoza stepped in.

   1. Officer Mendoza Conspires with Detention officer Wong

12. Detention officer Mendoza stated to the plaintiff "Wait!" Already frustrated, the plaintiff asked why.

13. At that point, Detention Officer Mendoza says to

the plaintiff "Well, fuck you then. Get away from the Dicker." The plaintiff returned to his bed area.

B. Adverse Action by Conspiring to deny Plaintiff Equal Protection Under the ADA

14. At about 9:20 am, that same day, the plaintiff was awaken by detention officer Newbaker and told to pack his property, because he was being transferred from the ADA Compliant Housing Unit of the Harris County Jail, 2H1.

15. The Plaintiff did as he was told, and went to the FCC. Upon arriving to the FCC, the Plaintiff was instructed to take a seat in the inmate holdover.

16. After about 30 mins, the Plaintiff was called by the Hispanic female Detention Officer working the FCC.

17. She told the Plaintiff to leave his property, go to Classification, that he was staying on the second floor, and that he would be transferred to "D-pod", a general population Housing Unit of the Harris County Jail that does not comply with the ADA.

 1. Plaintiff is Denied verbal Request for ADA Housing Accommodation for His Disability as a Transtibial Amputee

18. Upon arriving to Classification, the Plaintiff asked

the African-American, Cleft-Palate, Detention Officer on Shift at the time why he was being transferred from an ADA Compliant housing unit to general population, when Classification is aware of him being an Amputee.

19. The Classification Detention Officer Stated that he had to switch the Plaintiff out with a 75yr old man with glaucoma.

20. He then told the Plaintiff that he needed to speak with a Supervisor immediately.

21. He also told the plaintiff, that if the Plaintiff Can find someone to switch with, he could do it, which is not the Plaintiff's responsibility.

22. Upon returning to the Second floor, the plaintiff immediately ripped his I-Card, and Contacted the Second floor Shift Supervisor of the Harris County Jail, Deputy Sheriff, Sgt. J. Wheeler.

23. The Plaintiff explained to Sgt Wheeler the Situation, whom Stated that there was nothing that he could do; that it was out of his Control.

24. After hearing that, the Plaintiff immediately said he refused to be housed in a housing unit that did

not accommodate his disability as a transtibial Amputee.

25. At that point Sgt. J. Wheeler threatened to place the Plaintiff in hand cuffs and drag him to the non-ADA Compliant, general population Housing Unit, where the Plaintiff did not belong.

26. After hearing this, the Plaintiff made a more reasonable plea to Sgt. Wheeler, expressing to him that it would be foolish to accept a housing assignment that is unable to accommodate his disability.

27. At that point, Sgt. Wheeler stated to the Plaintiff that he would go to Classification and speak with them, but there was no guarantee that the plaintiff would be accommodated.

28. He then told the Plaintiff if it did not change, the Plaintiff would need to do the paperwork, and that he would provide the Plaintiff a grievance.

29. Shortly after, Sgt. Wheeler returned, gave the Plaintiff an inmate grievance form, and told the Plaintiff that he had to go to the non-ADA Compliant housing unit.

## IV. Claims For Relief

1. The Defendant, by and through the actions of its employees and or agents retaliated against the Plaintiff in violation of the First and Fourteenth Amendment to the United States Constitution by transferring him from an ADA Compliant Housing facility to a general population housing unit for asserting his right to disciplinary due process.

2. The Defendant, by and through its employees and or agents violated 42 U.S.C. § 1985(3) by conspiring to deprive the Plaintiff of equal protection of the Protections Secured under Title II of the American's with Disabilities Act, by moving him from an ADA Compliant Housing unit and refusing to accommodate him upon request.

3. The Defendant, by and through its employee, and or agents, violated Title II of the American's with Disabilities Act by failing to accommodate the Plaintiff's disability as a Transtibial Amputee on request.

## V. Prayer For Relief

WHEREFORE, Plaintiff prays for relief from the Defendant in the following:

a. Compensatory Damages in excess of $25,000 for each

Claim;

b. A permanent injunction enjoining the Defendant, its employees and agents, from Housing the Plaintiff in a Housing Unit other than 2H1 or 2A1A, which are Capable of accommodating his disability as a Transtibial Amputee;

c. A permanent injunction enjoining the Defendant, its employees and agents, from retaliating against the Plaintiff for utilizing the Harris County Jail Inmate Grievance Procedure in any form or fashion;

d. Any other relief the Court deems appropriate; and

e. Cost to the Defendant.

Respectfully Submitted,

John Anthony Bickerson
Pro Se
SPN #02981929

Date: Nov. 13, 2019

John Anthony Buchanan
SPN # 02981929
Housing Unit 2D4-201
Harris County Jail-JA02
701 N. San Jacinto
Houston, Texas 77002

United States Courts
Southern District of Texas
FILED
NOV 19 2019
David J. Bradley, Clerk of Court

David Bradley, Clerk
United States District Court
Clerk of Court
P.O. Box 61010
Houston, Texas 77208

Mr. Bradley:

   In response to your letter dated March 11, 2019, which I still have, please find that I have not enclosed with my Complaint the following documents: (1) AO 440 Summons, (2) a Civil Cover Sheet, or (3) a U.S. Marshall form 285.

   As you recall from your letter, you told me that I do not need these forms, so that is why you did not provide them to me in my February 26, 2019 request.

   Moreover, please find that I have not provided a "Certified" copy of my inmate account history, please note that I have tried numerous times to obtain a certified copy to no avail.

Specifically, on Oct. 1, 2019, and Oct. 20, 2019, These requests have not been honored by the Defendant. With that said, please send a request to the Defendant at: Inmate Trust Fund, 1200 Baker, Houston, Texas 77002, to obtain a certified copy.

Thank you.

Sincerely,

John Anthony Bichara

**HARRIS COUNTY SHERIFF'S OFFICE JAIL**
Name: Jon Anthony Buchanan
SPN: 02681929
Street: 701 N. San Jacinto    Cell: 2D4
HOUSTON, TEXAS 77002

**aramark**

**INDIGENT**

United States Courts
Southern District of Texas
F I L E D
NOV 19 2019
David J. Bradley, Clerk of Court

David Bradley, Clerk
United States District Court
Clerk Of Court
P.O. Box 61010
Houston, Texas 77208

7228931010 BC01

U.S. POSTAGE >> PITNEY BOWES
ZIP 77002
02 4W
0000368784 NOV. 14. 2019
$ 000.80⁰