In The United States District Court For The
Southern District Of Texas
Houston, Division

| | |
|---|---|
| John Anthony Buchanan SPN #02981929 | Case No. 4:19-CV-004571 Judge: Sim Lake Magistrate: _____ |
| Plaintiff, | |
| | Second Amended Complaint |
| vs. | |
| | (Jury Demand) |
| Gonda Harris Americans With Disabilities Act Coordinator Harris County Human Resources + Risk Management 1310 Prairie, Suite #400 Houston, Texas 77002 | |
| Detention Officer Way #130996 Harris County Sheriff's Office 1200 Baker Street Houston, Texas 77002 | |
| Nurse Brandi Hawkins Harris County Sheriff's Office Health Services | |

1200 Baker Street
Houston, Texas 77002

Deputy Sheriff Sgt. J. Wheeler
Harris County Sheriff's Office
1200 Baker Street
Houston, Texas 77002

William Laws
ADA Compliance Coordinator
Harris County Sheriff's Office
Health Services
1200 Baker Street
Houston, Texas 77002

Detention Officer W. Gibson
Classification Department
Harris County Sheriff's Office
1200 Baker Street
Houston, Texas 77002

Detention Officer Sgt. Pickens-Wilson
Harris County Sheriff's Office
1200 Baker Street
Houston, Texas 77002

Detention Officer Mendoza
Harris County Sheriff's Office
1200 Baker Street
Houston, Texas 77002

    Defendants,

## Introduction

This is a Civil rights Complaint by a pro se, Pretrial detainee against the above named defendants pursuant to title 42 U.S.C. §1983 ("Civil Rights Act") title 42 U.S.C. §1985(3), and title 42 U.S.C. §12132 ("Title II, Americans with Disabilities Act") for: (1) retaliation in violation of the First Amendment to the United States Constitution, (2) Deliberate indifference to a substantial risk of harm, (3) Deliberate indifference to a serious medical issue, (4) Threatening misuse of excessive force, (5) Denial of Disciplinary Due Process, (6) Denial of Equal Protection, (7) Conspiracy to deprive him of Equal Protection, and (8) failure to accommodate his disability as a transtibial Amputee, for damages and injunctive relief.

## I. Parties

1. The plaintiff is a Transtibial, disabled, Pretrial detainee being held in the custody and control of the Harris County Sheriff's Office in the Harris County Jail, pursuant to an invalid Grand Jury indictment charging the Crime of Aggravated Assault.

2. The Defendant, Corencia Harris is the Harris County Human Resources and Risk Management ADA Coordinator. Mrs. Harris is responsible for handling complaints and Harris County Sheriff's Office inmate grievances that are disability or accessibility based as required by Title II of the Americans With Disabilities Act. She is being sued in her individual and official capacity.

3. The Defendant, Detention Officer Wong #130996 is a detention officer in the employ of the Harris County Sheriff's Office at the Harris County Jail. Mrs. Wong #130996 is responsible for the supervision of inmates within the Jail. She is being sued in her individual capacity.

4. The Defendant, Nurse Brandi Hawking, is a Health Care Provider in the employ of the Harris County Sheriff's Office Health Services Department in the Clinic at 701 N. San Jacinto in the Harris County Jail. Her duties and responsibilities within the Jail are unknown at the time. She is being sued in her individual capacity.

5. The Defendant, Deputy Sheriff Sgt. J. Wheeler, is the first shift supervisor of the Second floor at 701 N. San Jacinto in the employ of the Harris County Sheriff's Office at the Harris County Jail. His responsibilities range from supervising detention officers, to addressing the concerns of the inmate population. He is being sued in his individual capacity.

6. The Defendant, William Laus, is the ADA Compliance Coordinator in the Health Services Department in the employ of the Harris County Sheriff's Office at the Harris County Jail. Mr. Laus is responsible for ensuring the

Jail is in Compliance with Title II of the ADA by addressing inmates within the Harris County Jail accessibility grievances. He is being sued in his individual and official Capacity.

7. The Defendant, Detention Officer W. Gibson, is a detention officer who, from time to time, works in the Classification Department at 701 N. San Jacinto, in the employ of the Harris County Sheriff's Office at the Harris County Jail. Mr. Gibson, from time to time, is responsible for Classifying and housing inmates within the Jail in accordance with applicable policies and the United States Constitution. He is being sued in his individual and official Capacity.

8. The Defendant, Detention Officer Sgt. Pickens-Wilson is the third Shift Supervisor of the Second floor at 701 N. San Jacinto in the employ of the Harris County Sheriff's Office at the Harris County Jail. Mr. Pickens-Wilson's responsibilities range from supervising Detention Officers to addressing the concerns of the inmate population. He is being sued in his individual Capacity.

9. The Defendant, Detention Officer Mendoza, is a detention officer in the employ of the Harris County Sheriff's Office at the Harris County Jail. Mr. Mendoza is responsible for the Supervision of inmates within the Jail. He is being sued in his individual Capacity.

10. The Defendants, under the Color of state law, have and continue to violate the plaintiff's Civil rights secured under the United States Constitution and deny him a reasonable housing accommodation in violation of Title II of the ADA.

## II. Jurisdiction and Venue

11. The Court has jurisdiction to grant the relief requested pursuant to Title 28 U.S.C. § 1331. That relief being compensatory damages and injunctive relief.

12. Venue is proper in the Southern District of Texas, Houston Division, because the acts and omissions of the Defendants took place within the territorial jurisdiction of Harris County.

## III. Statement of Facts

13. On Nov. 8, 2019, at or about 5:05am, in Housing Unit 2H1, the ADA Compliant handicap housing unit in which the plaintiff has been housed for the majority of his stay within the Harris County Jail, the plaintiff was awaken by Detention Officer Mendoza asked whether he would like to write a statement.

14. Not knowing why, or for what he had received a Conduct report for, the plaintiff asked why he was being asked to write a statement, Detention Officer Mendoza stated to the plaintiff, with malicious intent, "She [Detention Officer Wong] said you would know why."

15. At that point, the plaintiff went to the Detention Officers window located within the housing unit, to demand a copy of the Confirmation of Service form from Detention Officer Wong, which she is required to provide him in accordance with Disciplinary Due Process, so that he could be

made aware of the alleged rule violation.

16. In response to this, Detention Officer Wang stated to the Plaintiff, with malicious, deliberate, intent to deny the plaintiff Due process and Equal Protection "What's that?"

17. At that point, in direct response to the Constitutionally infirm response by Detention Officer Wang, the plaintiff became upset. At that point, the plaintiff produced to Detention Officer Wang an example of a Confirmation of Service form, that she had provided him for a Conduct report he received at an earlier point of that year.

18. Detention Officer Wang Continued to engage in this Constitutionally infirm Conduct, even though the plaintiff diligently attempted to show her an exact copy of the form. After repeatedly doing this, the plaintiff stated that he wanted a formal grievance to address the Due process and Equal Protection Violations.

19. In response to this, with deliberate, malicious intent, Detention Officer Wang told the plaintiff that she did not have a formal grievance, but that he could write his grievance on any sheet of paper, which is stated within the Harris County Sheriff's Office inmate handbook.

20. At that point, the plaintiff demanded to speak with the third shift Supervisor Detention Officer Sgt. Pickens-Wilson. Detention Officer Wang denied the plaintiff's request, and continued to antagonize the plaintiff about the issue.

21. Shortly after this, Detention Officer Mendoza intervened. With deliberate, malicious, intent to acquiesce and ratify the actions of Detention Officer Wong, Detention Officer Mendoza stated "Wait!" Already frustrated, the Plaintiff asked "Why?"

22. At that point, with deliberate, malicious intent to assist in the deprivation of the plaintiff's Due Process and Equal Protection rights, Detention Officer Mendoza stated to the Plaintiff "Well, fuck you then. Get away from the Picket." At that point, the plaintiff returned to his bed.

23. Upon returning to his bed, the plaintiff observed Detention Officers Wong and Mendoza looking toward the plaintiff's bed area, and laughing in unison. After about two minutes, the plaintiff observed through the picket window Detention Officer Mendoza leave.

24. Shortly after that, the plaintiff observed Detention Officer Wong pick up the phone receiver in the picket. After about 30 seconds into the Call, the plaintiff observed Detention Officer Wong erupt with hysterical laughter and look toward the plaintiff's bed area. At that point, in response, the plaintiff stuck his middle finger up at detention Officer Wong.

25. Upon doing this, the plaintiff observed Detention Officer Wong speak into the receiver of the phone "Yeah, he just stuck his middle finger up at me." Based on this, the plaintiff believes that Detention Officer Wong was communicating with Detention Officer Sgt. Pickens-Wilson. This belief is predicated on the fact that the plaintiff was transferred later that morning in retaliation.

26. Later that morning at about 9:20 am, the plaintiff was awoken by Detention Officer Newbaker and told to pack his property, because he was being transferred from the ADA Compliant housing unit 2H1 in the Harris County Jail as an adverse action for him engaging in Protected Conduct.

27. After packing his property, the plaintiff went to the FCC. Upon arriving to the FCC, the plaintiff was told to wait in the inmate holdover. After about 30 mins, the detention officer working the FCC told the plaintiff to leave his property and go to Classification because he would be transferring to "D-Pod," a general population housing unit of the Harris County Jail, which is also located on the second floor.

28. When the plaintiff arrived to the Classification department, he observed that detention Officer W. Gibson was the officer working the Classification department at the time. At that point, the plaintiff asked detention Officer W. Gibson why he was transferring him from an ADA Compliant housing unit to a general population housing unit, when the Classification department is fully aware of him being a transtibial amputee.

29. Detention Officer W. Gibson, with deliberate malicious intent to deny the plaintiff equal protection and indifferent to the substantial risk of harm to the plaintiff based on his serious medical needs, stated to the plaintiff "I had to switch you with a 75yr old man with glaucoma." At that point, Detention officer Gibson stated to the plaintiff "you need to speak with a Supervisor immediately. If you can find someone to switch with, I will do it."

30. When the plaintiff returned to the second floor, he ripped his T-Card out of frustration and summoned Deputy Sheriff Sgt. J. Wheeler. The plaintiff explained to Sgt. Wheeler what took place with deliberate, malicious intent, Sgt. J. Wheeler stated "There is nothing that I can do. It is out of my control."

31. At that point, the plaintiff immediately refused to be housed in a housing unit that did not accommodate his disability as a transtibial amputee. At that point, with deliberate, malicious intent to trample the plaintiff's right to Equal protection under the ADA as other inmates similarly situated, Sgt. J. Wheeler stated "If you do not go to D-pod, I am going to place you in handcuffs and drag you there."

32. At that point, the plaintiff made a more reasonable attempt to speak to Sgt. J. Wheeler, expressing to him that it would be foolish for him to accept a housing assignment that is unable to accommodate his disability. At that point, Sgt. J. Wheeler stated to the plaintiff "I will go to Classification and speak with them. But there is no guarantee that you will be accommodated. If it does not change, you will need to do the paperwork, and I will provide you a grievance."

33. Shortly after, Sgt. J. Wheeler returned and gave the plaintiff an inmate grievance form and told him that he had to go to the non-ADA Compliant housing unit.

34. When the plaintiff arrived to D-pod, the plaintiff noticed that there were no toilets with rails, no handicap sinks, no shower with a seat or

hand rails, or other amenities the plaintiff had access to in housing unit 2H1. The plaintiff also noticed that there was not a bottom bunk available for the plaintiff.

35. Since the plaintiff's transfer, he has been unable to access the showers as other inmates similarly situated who remain in housing unit 2H1. Nor has the plaintiff had access to toilets that have rails, causing him discomfort when going to relieve himself.

36. The Plaintiff also developed sores on his residual limb as a result of his inability to properly bathe himself, & clean his prosthetic liners, causing him great pain and discomfort.

37. On Nov. 09, 2019, the plaintiff filed a reasonable accommodation request combined with an accessibility grievance with the following people at the following agencies: (1) William Laws, ADA Compliance Coordinator in the Health Services Department of the Harris County Sheriff's Office, and (2) Caronda Harris, ADA Coordinator with the Harris County Human Resources and Risk Management.

38. The plaintiff received a response dated Dec. 12, 2019 from Caronda Harris that reads "The ADA issues you've reported have been forwarded to the Sheriff's Office (HCSO) for investigation. I am only authorized to handle complaints dealing with the accessibility of programs, facilities, and services of Harris County to persons with disabilities as required by Title II of the Americans with Disabilities Act."

39. On Dec. 20, 2019, William Laws contacted the plaintiff in housing unit 3F, located at 700 N. San. Jacinto ("JPC"). At that time, William Laws, with deliberate intent to deceive the plaintiff and deny him equal protection stated "I am the reason why you are over here [3F]. I contacted Nurse Brandi Hawkins and told her that you needed to be transferred immediately to this dorm that has all the accommodations you request."

40. Prior to this, on Nov. 13, 2019, the plaintiff received a white, flimsy, chair for him to take showers with in housing unit 2D4. Attached to the chair, was a Harris County Sheriff's Office special needs advisement dated Nov. 12, 2019, that states "To the Watch Commander: Shower Chairs until placed in handicap housing."

## IV Claims For Relief

1. The Defendant, Coronela Harris violated the plaintiff's Fourteenth Amendment right by: (1) Denying him Equal Protection under Title II of the Americans with Disabilities Act by: (a) failing to properly investigate the Plaintiff's accessibility grievance as others similarly situated, and (b) failing to provide the plaintiff his accommodation as requested in accordance with title II of the ADA.

2. The Defendant Coronela Harris, violated Title II of the Americans with Disabilities Act by: (1) Denying the plaintiff's request for a reasonable accommodation in his housing assignment after receiving a properly stated written request from him.

3. The Defendant, Detention Officer Weng #130996, violated the plaintiff's Fourteenth Amendment right by: (1) Being deliberately indifferent to the plaintiff's right to Due process and Equal protection by: (a) failing to provide him notice of an alleged rule violation by denying him the Confirmation of Service form she is required to provide.

4. The Defendant, Detention officer Weng #130996, violated the plaintiff's First Amendment right, acting under Color of State law, by: (1) retaliating against the plaintiff for engaging in protected Conduct by taking the adverse action of: (a) Contacting Detention officer Sgt. Pickens-Wilson to have the plaintiff transferred from a handicap housing unit to a general population housing unit, causing him discomfort.

5. The Defendant, Nurse Branli Hawkins, violated the plaintiff's Fourteenth Amendment right, acting under Color of State law, by: (1) Being deliberately indifferent to a substantial risk of harm to the plaintiff based on his serious medical condition as a transtibial Amputee by: (a) Authorizing the Nov. 8, 2019 transfer of the plaintiff from the ADA Compliant handicap housing unit 2H1 to the general population housing unit 2D4, causing the plaintiff extreme pain and mental anguish.

6. The Defendant, Detention officer Sgt. Pickens-Wilson, violated the plaintiff's First Amendment right, acting under Color of State law, by: (1) Being the sole person responsible for initiating the Causal Connection necessary to effectuate the retaliatory transfer of the plaintiff from the ADA Compliant handicap housing unit 2H1 to a general population housing unit 2D4, causing the plaintiff pain and discomfort.

7. The Defendant, Deputy Sheriff Sgt. J. Wheeler, violated the plaintiff's Fourteenth Amendment right, acting under Color of State law, by: (1) threatening to engage in a misuse of force against the plaintiff in the form of handcuffing him and dragging him to a general population housing unit for: (a) the plaintiff refusing to be housed in a housing unit that did not accommodate his condition as a transtibial amputee, causing him emotional discomfort.

8. The Defendant, Deputy Sheriff Sgt. J. Wheeler, violated the plaintiff's Fourteenth Amendment right, acting under Color of State law, by: (1) Being deliberately indifferent to the plaintiff's right to Equal protection under Title II of the Americans with Disabilities Act by: (a) telling the plaintiff that there was nothing that he could do about the plaintiff being retaliatorily transferred from a handicap housing unit to a general population housing unit, resulting in the plaintiff experiencing pain and discomfort.

9. The Defendant, Detention Officer W. Gibson, violated the plaintiff's Fourteenth Amendment right, acting under Color of State law, by: (1) Being deliberately indifferent to a substantial risk of harm to the plaintiff based on his serious medical condition as a transtibial amputee, by: (a) transferring the plaintiff on Nov. 8, 2019 from the ADA Compliant, handicap housing unit 2H1 to the general population housing unit 2D4, resulting in the plaintiff experiencing pain and mental anguish.

10. The Defendant, Detention Officer W. Gibson, violated the plaintiff's Fourteenth Amendment right, acting under Color of State law, by: (1) Being deliberately indifferent to the plaintiff's right to Equal protection under

Title II of the Americans with Disabilities Act by: (a) housing the Plaintiff in the general population housing unit 2D4 instead of the ADA Compliant housing unit 2H1 as others similarly situated as the plaintiff resulting in the plaintiff experiencing pain and mental anguish.

11. The Defendant, William Laws, acting under Color of State law, violated the plaintiff's Fourteenth Amendment right by: (1) Denying the plaintiff Equal Protection under Title II of the ADA by: (a) failing to properly investigate the plaintiff's accessibility grievance as others similarly situated, and (b) failing to provide the plaintiff his accommodation as requested in accordance with title II of the Americans with Disabilities Act.

12. The Defendant, William Laws, acting under Color of State law, violated title II of the Americans with Disabilities Act by: (1) Denying the plaintiff's request for a reasonable accommodation in his housing assignment after receiving a properly stated written request from him.

## V. Prayer For Relief

WHEREFORE, the plaintiff prays for relief from the Defendant in the following respects:

    a. Compensatory damages in the amount of $1,000 from Defendant Coronda Harris;

    b. A permanent injunction enjoining the Defendant Coronda Harris from: (1) failing to properly investigate the plaintiff's properly presented disability or accessibility grievances, and (2) from denying the

Plaintiff's reasonable accommodation requests submitted in accordance with title II of the ADA;

c. Compensatory damages in the amount of $3,000 from Defendant Detention Officer Wag #130996;

d. Compensatory damages in the amount of $2,000 from Defendant Nurse Brenda Hawkins;

e. Compensatory damages in the amount of $1,500.00 from Defendant Deputy Sheriff Sgt. J. Wheeler;

f. Compensatory damages in the amount of $1500 from Defendant William Lews;

g. A permanent injunction enjoining Defendant William Lews from: (1) failing to properly investigate the plaintiff's properly presented disability and accessibility grievances, and (2) from denying the plaintiff's reasonable accommodation request submitted in accordance with title II of the ADA;

h. Compensatory damages in the amount of $2500 from Defendant W. Gibson;

i. A permanent injunction enjoining the Defendant Detention Officer W. Gibson when, from time to time, he works at the Classification department at 701 W. San Jacinto, from: (1) housing the plaintiff in general population housing units that are unable to accommodate the plaintiff's condition as a transtibial amputee;

J. Compensatory damages in the amount of $3500 from Defendant Detention Officer Sgt. Pickens-Wilson;

K. Compensatory damages in the amount of $100.00 from Defendant Mendoza;

L. Any other relief the Court deems appropriate;

M. Costs to be taxed to the defendants;

N. Prejudgment and postjudgment interest to be calculated in accordance with applicable law.

Date: Feb 19, 2020

          Respectfully Submitted,

          x /s/ John Behena
          John Anthony Behena
          Pro Se
          SPN #02981929
          Housing Unit 7D1-701
          Harris County Jail - JA02
          701 N. San Jacinto
          Houston, Texas 77002