United States Courts
Southern District of Texas
FILED

JAN 09 2023

Nathan Ochsner, Clerk of Court

January 02, 2023
Stanley Michael Clark
Assistant Harris County Attorney
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002

Re: Affirmative Defense of Failure to Exhaust Under PLRA; John Anthony Bulman v. Cerenda Harris, et al; Case No. 4:19-cv-04571; Fails as a Matter of Law.

Dear Mr. Clark:

I hope this letter finds you well! As you may know, I have filed a motion to Compel. However, which I am investigating, that motion was not filed appropriately which lets me know that your office, the district Clerk's Office, and the Sheriff's Office, are working together to Sabotage my case.

Nevertheless, just as you know, I am aware of the law as it relates to the affirmative defense of failure to exhaust under the PLRA. Because I am aware, that means that I know that your argument under that ground is useless, considering the circumstances.

For instance, in Section II(F) of my objections

to Exhibit F of the appendix of evidence appended to the motion for summary judgment, I state "[b]ased on the context, it appears that the defendants have produced this letter to support its contention that Mr. Buchanan cannot prevail on his ADA claim because he did not comply with the PLRA's exhaustion requirement."

I then go on to say, "[h]owever, the defendants are wrong, and are unable to avail themselves of this affirmative defense, because they have waived it. For instance, '[a] failure to exhaust is an affirmative defense that should be pleaded.' [Davis v. Fort Bend Cnty., 893 F.3d 300, 307 (5th Cir. 2018)]."

As you know, I explain how, based on the delayed assertion of the affirmative defense, it has been waived [id.] Notwithstanding this fact, there is another aspect of law that would cause the defendants' defense to fail as a matter of law. The fact that I already grieved this issue prior to the November 09, 2019 incident, under current PLRA law, I was not required to refile the issue that I require handicap housing.

As I state in Section II(B)(7)(a) of my objections to the summary judgment evidence, "[h]owever, Mr. Buchanan asks that the document be used to establish that he made his issues regarding his mobility impairment, his disability as a below-the-knee amputee, and the accommodations that he required in his housing assignment, which are found in handicap housing units, and absent in general population housing units, which is relevant to Mr. Buchanan's ADA

2

Claim, and negates the defendants failure to exhaust affirmative defense, because he has already grieved the same harm stated in his December 02, 2019, grievance, under Fed. R. Evid. 105."

The Defendant, Mr. Laws, never investigated this grievance, although I followed the procedure listed in the handbook, which is not my fault. I state this in my objections by saying, "[S]pecifically, this evidence is admissible to prove that Mr. Laws did not investigate Mr. Buchanan's accessibility grievance dated February 12, 2019, nor did he seek to have Mr. Buchanan housed in the appropriate handicap equipped cellblock, as he is required to do in his post orders, [bates #000786] because a record is supposed to be kept regularly for a matter of this kind, [bates #000786], and the defendants cannot show that the source of information or the method or circumstances of production indicate a lack of trustworthiness, because they produced it. [Def. Ex: H: bates #000783-000790]

Based on the law, which I am about to cite, your client's Affirmative defense must fail as a matter of law. As it relates to exhaustion under the PLRA, "[t]he pertinent inquiry is not whether the prisoner had pursued his administrative remedies reasonably and in good faith, but whether he has exhausted all remedies that are available." See Underwood v. Wilson, 151 F. 3d 292, 294 (5th Cir. 1998) (abrogated in part by Jones v. Bock, 549

3.

U.S. 199, 214, 127 S.Ct. 910 (2007)(abrogating the holding in Underwood that a district court may dismiss a civil complaint sua sponte for failure to exhaust))].

That is, "[w]hether a prisoner has exhausted administrative remedies is a mixed question of law and fact." [Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010)] "While it is a question of law whether administrative remedies qualify as being 'available' under 42 U.S.C. § 1997e(a), availability may sometimes turn on questions of fact." [Id.]

"'When the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint, exhaustion is not required under the PLRA because there is no available remedy.'" [Dillon, 596 F.3d at 267 (internal quotation marks omitted)]

"But, otherwise, "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." [Booth v. Churner, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819 (2001)]

"Thus, "a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process." [Woodford v. Ngo, 548 U.S. 81, 85, 126 S.Ct. 2378 (2006)]. Therefore, "[U]nder § 1997e(a), a prisoner must exhaust such administrative remedies as 'are available,' whatever they may be." [Alexander v. Tippah Cnty. Miss, 351 F.3d 626, 630 (5th Cir. 2003)]

See, "[t]he United States Supreme Court has 'held that to properly exhaust administrative remedies [,] prisoners must complete

4.

the administrative review process in accordance with the applicable procedural rules — rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" [Jones, 549 U.S. at 218 (Citations and quotations omitted).]

"But the exhaustion requirement requires 'proper exhaustion,' meaning that 'a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in a federal court.'" [Woodford, 548 U.S. at 88.]

Therefore, "[a]ccordingly, 'mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion; instead, [the United States Court of Appeals for the Fifth Circuit has] required prisoners to exhaust available remedies properly.'" [Dillon, 596 F.3d at 268.]

"'In determining exhaustion under the PLRA, [the Court looks] to the processes established by the prison and the parties' use of these processes ****.'" [Moussazadeh v. Texas Dep't of Crim. Justice, 703 F.3d 781, 788 (5th Cir. 2012).] "The Fifth Circuit has noted that '[a]ll of [its] previous cases upholding dismissals under § 1997e have involved a failure to file grievances at all or a failure to see the administrative review process through to its

5.

Conclusion." [Id at 789-90].

As you know, I have filed multiple grievances regarding me being improperly housed in a nonhandicap housing unit. Prior to and after the November 05, 2019 incident. As you are also aware, which is a matter of practice in the Harris County Sheriff's Office, inmates grievances that are meritorious never get answered, which means that, most of the time, there are no available remedies, in spite of the fact of a procedure or if the inmate follows it.

And as you know, just as the Court stated in this case, "[T]he Undersigned finds and concludes that, as in other cases that the Fifth Circuit has reviewed, plaintiff exhausted administrative remedies when he followed the required steps—here, only one step!—of the jail's grievance process without ever having received a response from the prison." [Cowart v. Erwin, 2013 U.S. Dist. (Tex.) 168-738 at 92 (N.D. Tex. October 31, 2013), citing Hicks v. Lingle, 320 F. App'x 497, 498-99 (5th Cir. 2010) (discussing Underwood, 151 F.3d at 295)].

As such, "[a]n inmate has exhausted administrative remedies when he follows each step of the prison grievance process without ever having received a response from the prison." [Hicks, 320 F. App'x at 499]. "[C]ompliance with prison grievance procedures AAA is all that is required by the PLRA to properly exhaust." [Jones, 549 U.S. at 218].

As you know, based on the absence of evidence that Mr. Laws investigated the Accessibility Grievance dated February 12, 2019, which is attached as bates #000190, that means that I never received a

6.

response, although he is a responsible employee, and he received it, I have exhausted my administrative remedies as it relates to this kind of harm.

As I stated before, "[W]here the prisoner's complaint addresses an ongoing problem or multiple instances of the same type of harm, prisoners need not file a new grievance in each instance to qualify for exhaustion." [Moussazadeh, 703 F.3d at 788]. Therefore, "[a]s a practical matter, a prisoner cannot be "expected to file a new grievance" each time he is harmed in the same manner." [Johnson v. Johnson, 385 F.3d 503, 521 (5th Cir. 2004) (holding that a prisoner who suffered similar harassment on multiple occasions had sufficiently exhausted even though he had not filed new grievances at each instance of harassment)].

And as the Fifth Circuit stated in Moussazadeh, "[W]e have never before held that, once he has initially exhausted available remedies, an inmate must re-exhaust based on changed circumstances." [703 F.3d at 790]. "The PLRA serves as a threshold; once it is met, a suit may not be dismissed so long as the circumstances remain the same. [Id at 790]. I do not think the circumstances have changed. I am always going to be handicap. And as long as I remain in Harris County, I will require a cellblock equipped with handicap amenities.

7.

Based on this, if and when the Court handles this matter, and you and your Client provide me the discovery I requested, I will address your PLRA argument.

Sincerely,

*[signature]*

John Anthony Buchanan
SPN # 02981929
Housing Unit 2H1-701
Harris County Jail - JA02
701 N. San Jacinto
Houston, Texas 77002

8.

**HARRIS COUNTY SHERIFF'S OFFICE JAIL**
Name: John Anthony Buchanan
SPN: 02981929  Cell: 2H1
Street: 701 N. San Jacinto
HOUSTON, TEXAS 77002



Keefe Commissary Network

**INDIGENT**

☆Legal

United States District Court
Office Of The Clerk
Southern District of Texas
Houston Division
P.O. Box 61010
Houston, Texas 77208



US POSTAGE IMI PITNEY BOWES
ZIP 77002 $ 000.57⁰
02 4W
0000368784 JAN. 03. 2023.

United States Courts
Southern District of Texas
FILED
JAN 09 2023
Nathan Ochsner, Clerk of Court